09-2280-pr
Berry v. Ercole

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand ten.

Present:
       ROBERT A. KATZMANN,
       PETER W. HALL,
       DENNY CHIN,
              *Circuit Judges*.

_____

JAMES BERRY,

       *Petitioner-Appellant*,

              v.                                          No. 09-2280-pr

ROBERT E. ERCOLE,

       *Respondent-Appellee*.

_____

For Petitioner-Appellant:        BRIAN SHEPPARD, New Hyde Park, NY

For Respondent-Appellee:         ALLEN J. VICKEY, Assistant District Attorney (Karen
                                 Schlossberg, Assistant District Attorney, *on the brief*),
                                 *for* Cyrus R. Vance, Jr., District Attorney, New York
                                 County, New York, NY

Appeal from a denial of a petition for writ of habeas corpus in the United States District Court for the Southern District of New York (Cote, *J.*) entered May 12, 2009.

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Petitioner-Appellant James Berry was sentenced on June 11, 2001 following a state court jury trial to an aggregate term of 35 years' imprisonment. On September 11, 2006, petitioner filed *pro se* for a writ of habeas corpus arguing, *inter alia*, that he suffered ineffective assistance of counsel with respect to defense attorney Allan Brenner's advice (or alleged lack thereof) relating to petitioner's decision to reject a plea offer before his trial. The state court denied the motion, stating that the "defendant's claim of ineffective assistance of counsel is . . . factually and legally unsupported." J.A. 57. After filing in federal court, the petition was referred to United States Magistrate Judge Theodore Katz who issued a Report and Recommendation on December 19, 2008 recommending that the petition be granted as to trial counsel's alleged ineffectiveness at the time Berry rejected the plea offer. On May 12, 2009, the district court issued an Opinion and Order declining to adopt Judge Katz's recommendation and denying the petition. This appeal followed. We assume the parties' familiarity with the relevant additional facts and procedural history of the case.

Though Judge Katz's analysis was admirably thorough, after review of the record and the district court's extensive opinion below, we are satisfied that the petition must be rejected because petitioner has failed to demonstrate constitutionally defective assistance of counsel pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*'s two-prong test, petitioner "must (1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms; and (2) affirmatively prove prejudice

2

arising from counsel's allegedly deficient representation." *Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) (internal quotation marks omitted). "To satisfy the first prong—the performance prong—the record must demonstrate that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009) (quoting *Strickland*, 466 U.S. at 687). As to the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. As a general matter, however, there is a "strong presumption" that the attorney in question provided, if not ideal representation, then at least competent assistance, which obligates the reviewing court to adopt a deferential posture. *See id.* at 689. Moreover, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "petitioner must identify some increment of incorrectness beyond error [in the state court's decision] in order to obtain habeas relief." *Jones v. West*, 555 F.3d 90, 96 (2d Cir. 2009).

As evidenced by the record, petitioner here: (1) stated unequivocally at the "no plea" colloquy that he had had a full opportunity to consider the plea offer, but preferred to go to trial, J.A. 19-20; (2) further acknowledged that he could receive a "substantially longer sentence" as a result, *id.* at 19; (3) was advised that the plea offer was "generous," *id.* at 250; (4) was advised in the normal course of attorney Brenner's practice that the case against him was substantial; (5) was likely informed of his sentencing exposure in the normal course of attorney Brenner's practice; (6) was advised that the presiding judge had a reputation "as a harsh sentencer," J.A. 245; and (7) evidenced no willingness to plead guilty at any point in the underlying proceedings given his unrelenting protestations of innocence. We therefore agree with the district court that

3

petitioner has both failed to demonstrate prejudice as required under *Strickland* and failed to overcome AEDPA's deference to the underlying state court proceedings because it cannot be said that the state court's application of *Strickland* was objectively unreasonable.

Thus, for substantially the reasons stated in the district court's thorough opinion, we hereby **AFFIRM** the district court's denial of the habeas petition.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4